

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of: | ) | No. 37016-0-III |
| | ) | |
| J.B. | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, C.J. — J.B. appeals an expired[1] order committing her to involuntary treatment, arguing the superior court failed to hold a timely probable cause hearing. J.B.'s arguments on appeal were not raised in the trial court and do not involve any of the exceptions to error preservation set forth at RAP 2.5(a). We decline review and therefore affirm the commitment order.

## BACKGROUND

On July 22, 2019, at 10:30 p.m., J.B. was detained pursuant to a 72-hour emergency detention order. On July 25, a petition was filed to extend detention up to 14 days. A court hearing was held in the matter on the morning of July 26. At the hearing, J.B. was represented by counsel.

---

[1] Due to the potential of adverse collateral consequences, an expired involuntary commitment order is not moot. *In re Det. of M.K.*, 168 Wn. App. 621, 625, 279 P.3d 897 (2012).

No. 37016-0-III
*In re Det. of J.B.*

Although more than 72 hours had passed since J.B.'s initial detention, J.B.'s attorney did not object to the timing of the court's hearing. Instead, counsel argued the petition on its merits. The trial court determined J.B. met the criteria for a 14-day involuntary commitment. J.B. timely appeals.

ANALYSIS

J.B. argues the involuntary detention petition should have been dismissed because the trial court failed to hold a probable cause hearing within 72 hours of the initial detention, as required by RCW 71.05.240(1). We decline review, as this issue was not preserved.

An unpreserved error will be reviewed as a matter of right in three circumstances: lack of jurisdiction, failure to establish facts upon which relief can be granted, or a manifest constitutional error. RAP 2.5(a). J.B. does not acknowledge RAP 2.5(a) or claim application of any of the foregoing three circumstances. While we have discretion to review unpreserved errors outside the circumstances listed in RAP 2.5(a), we rarely do so. This case does not warrant an exception to our general practice. The delay in J.B.'s hearing was brief and it did not result in any apparent prejudice. The record lacks any suggestion that the 72-hour hearing requirement has been routinely disregarded by the court or any of J.B.'s detention facilities. We therefore decline review under RAP 2.5(a).

2

No. 37016-0-III
*In re Det. of J.B.*

CONCLUSION

The order of commitment is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

3